# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EULA CHRISTINE SWIMMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KATHLEEN SEBELIUS, )<br>Secretary of Department of Health )<br>and Human Services, )<br>)<br>Defendant. ) | Case No. CIV-08-046-SPS |

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e - § 2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 - § 624. The Plaintiff Eula Christine Swimmer alleges she was the victim of employment discrimination ultimately resulting in her constructive discharge from the Hastings Indian Medical Center in Tahlequah, Oklahoma. The Defendant Secretary of Health and Human Services contends that none of the Plaintiff's claims have merit and accordingly seeks summary judgment thereon. For the reasons set forth herein, the Court finds that the Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 32] should be granted.

### A. Background

The Plaintiff (who is a native American female over the age of forty) worked at the Hastings Indian Medical Center (the "hospital") for over thirty-four years. Her last ten years were spent as a supervisory medical technologist in the hospital laboratory. On February 2,

2007, the Plaintiff was reassigned to a non-supervisory position in the laboratory, ostensibly because of complaints received from medical staff, physicians, union members and outside service providers over a three-year period. Her replacement was a white male under the age of forty. The Plaintiff never returned to work after being demoted; she exhausted her annual and sick leave, took some leave without pay, and eventually retired on July 1, 2007. While on leave, the Plaintiff was notified on April 7, 2007, that she was being reassigned again to a patient advocate position outside the laboratory so her pay would not be reduced.

The Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC") about her reassignment within the laboratory on March 5, 2007. On June 5, 2007, she filed a formal complaint alleging that her demotion was motivated by race, gender and age discrimination and in retaliation for previous discrimination complaints she filed in 1977-78 and 1987-88. After she retired, the Plaintiff attempted to amend her complaint to allege a constructive discharge, but the EEOC refused the amendment and instead opened a new complaint. On October 1, 2007, the Department of Health and Human Services issued its final decision on the initial complaint, determining that the Plaintiff failed to show any discrimination or retaliation in her reassignment within the laboratory. She received this decision by certified mail on October 10, 2007. On October 31, 2007, the Department issued its final decision on the second complaint, determining that the Plaintiff had failed to show she was constructively discharged. She received this decision on November 8, 2007. Both agency decisions outlined the Plaintiff's appeal rights, including the right to appeal to the

EEOC and the right to bring suit in federal court within ninety days. The Plaintiff filed her complaint herein on February 6, 2008.

### B. Analysis

The Plaintiff claims that her demotion from supervisor at the hospital laboratory to a non-supervisory position resulted from discrimination based upon her age, gender and race, and from retaliation based upon her past discrimination complaints. She also claims that her early retirement was a constructive discharge resulting from unlawful discrimination. The government contends it is entitled to summary judgment on both these claims because: (i) the Plaintiff's claim arising out her demotion is time-barred and fails to meet the requirements of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); and, (ii) the Plaintiff's claim for constructive discharge (to the extent her complaint states one) is insufficient as a matter of law. The Court finds that the government *is entitled* to summary judgment. *See generally* Fed. R. Civ. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

#### 1. The Plaintiff's claim arising out of her demotion.

The Plaintiff claims she was demoted from her supervisory position in the hospital laboratory because she is a native American female over the age of forty and because she has previously filed employment discrimination complaints against the Indian Health Service. As discussed above, she filed a formal complaint containing these allegations on June 5,

2007, and received the final agency decision denying her complaint on October 10, 2007. The Plaintiff apparently elected to forego an appeal to the EEOC (which would have extended the time for filing suit) and instead commenced this action on February 6, 2008.

A federal employee victimized by unlawful employment discrimination may bring a claim in federal district court. *See Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997), *cert. denied*, 523 U.S. 1100 (1998). *See also* 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 626(e). However, "[a]s a prerequisite to his suit, the federal employee must file an administrative complaint concerning his allegations, and he may not bring his suit more than ninety days after receiving a final decision from either his employing agency or from the EEOC." *Belhomme*, 127 F.3d at 1216 (discussing 90-day filing requirement with regard to Title VII claims). *See also Anderson v. Unisys Corporation*, 47 F.3d 302, 305 n.5 (8th Cir.), *cert. denied*, 516 U.S. 913 (1995) (applying 90-day period for filing suit to ADEA claims). "The 90-day period for filing suit generally commences on the date that the complainant actually receives the EEOC . . . notice[,]" *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996), *citing Williams v. Southern Union Gas Co.*, 529 F.2d 483, 487 (10th Cir.), *cert. denied*, 429 U.S. 959 (1976), and is not considered jurisdictional in nature but instead is construed as a statute of limitations. *Id.* ("[T]he 90-day period for filing a civil lawsuit after final disposition of a complaint by the EEOC . . . is not jurisdictional but is in the nature of a statute of limitations."), *citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The 90-day period is subject to equitable tolling, but only in extraordinary circumstances. *See, e. g., Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) ("[I]f a

plaintiff is 'actively misled,' or 'has in some extraordinary way been prevented from asserting his or her rights,' we will permit tolling of the limitations period."), *quoting Wilkerson v. Siegfried Insurance Agency, Inc.*, 683 F.2d 344, 348 (10th Cir. 1982).

The Secretary argues she is entitled to summary judgment on the Plaintiff's claim that her demotion was motivated by unlawful discrimination or retaliation because it is untimely, *i. e.*, it was filed more than ninety days after the Plaintiff received notice of the final agency decision denying the claim on October 10, 2007. *See* 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by a department, agency, or unit . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."); 29 U.S.C. § 626(e) ("A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice."). Inasmuch as the Plaintiff waited one hundred nineteen days to file suit, this claim *is* untimely, *see Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985) ("The statute is clear. The party aggrieved may bring suit within ninety days after the giving of notice by the EEOC. The plaintiff, the aggrieved party, received notice on April 4 and did not bring suit until July 7, 94 days after receiving notice."), particularly since the Plaintiff does not contend that she failed to seek judicial relief within 90 days because she was actively misled or otherwise prevented from asserting her rights in some extraordinary way. *See Martinez*, 738 F.2d at 1110 ("[I]f a

plaintiff is 'actively misled,' or 'has in some extraordinary way been prevented from asserting his or her rights,' we will permit tolling of the limitations period."), *quoting Wilkerson*, 683 F.2d at 348. *See also Johnson v. United States Postal Service*, 861 F.2d 1475, 1481 (10th Cir. 1988), *cert. denied*, 493 U.S. 811 (1989) ("[The] time limit will be tolled *only* if there has been 'active deception.'") [emphasis in original].

What the Plaintiff *does* contend is that her claim for discriminatory or retaliatory demotion is timely because she filed suit within 90 days of receiving the *second* final agency decision on November 8, 2007, *i. e.*, she simply waited until *all* of her administrative complaints were exhausted to file suit. This no doubt made sense to the Plaintiff, but what she should have done was file suit regarding her demotion within ninety days of receiving the initial final agency decision and amended to add her constructive discharge claim after receiving the final agency decision on that claim. The Court is not unsympathetic to the difficulties the Plaintiff has faced in representing herself (at the administrative level and in court), but the procedural requirements of Title VII and the ADEA cannot simply be disregarded because the Plaintiff appears *pro se*. *See*, *e. g.*, *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). *See also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"), *quoting Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). Accordingly, the Court finds that the

Plaintiff's claim that her demotion was the result of unlawful discrimination or retaliation is untimely, and the Defendant is entitled to summary judgment thereon.

### 2. The Plaintiff's constructive discharge claim.

The Plaintiff also claims that her early retirement was a constructive discharge, *i. e.*, she was forced to retire because of discriminatory conduct. The Secretary questions whether the Plaintiff has effectively pled a constructive discharge claim in her complaint but contends that summary judgment is appropriate in any event because the Plaintiff's early retirement would not amount to a constructive discharge. The Court finds that the Secretary *is* entitled to summary judgment on the Plaintiff's constructive discharge claim.

"'Constructive discharge occurs when the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign.'" *E.E.O.C. v. PVNF, L.L.C.,* 487 F.3d 790, 805 (10th Cir. 2007), *quoting Sandoval v. City of Boulder,* 388 F.3d 1312, 1325 (10th Cir. 2004). *See also Exum v. United States Olympic Committee,* 389 F.3d 1130, 1135 (10th Cir. 2004) ("A constructive discharge occurs when an employer, through unlawful acts, makes working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign.") [citations omitted]. An objective test is applied to determine whether a reasonable person would feel compelled to resign under the circumstances, *i. e.*, "neither the employee's subjective views of the situation, nor her employer's subjective intent . . . are relevant." *Tran v. Trustees of State Colleges in Colorado,* 355 F.3d 1263, 1270 (10th Cir. 2004). Factors to consider are: "'(1) whether the employee was given some alternative to

resignation; (2) whether the employee understood the nature of the choice [he] was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether [the employee] was permitted to select the effective date of resignation.'" *Yearous v. Niobrara County Memorial Hospital*, 128 F.3d 1351, 1356 (10th Cir. 1997), *cert. denied*, 523 U.S. 1074 (1998), *quoting Parker v. Board of Regents of Tulsa Jr. College,* 981 F.2d 1159, 1162 (10th Cir. 1992), *quoting Stone v. University of Maryland Medical System Corp.,* 855 F.2d 167, 174 (4th Cir. 1988). A constructive discharge claim "requires a showing that the working conditions imposed by the employer are not only tangible or adverse, but intolerable." *Tran*, 355 F.3d at 1271. "'The question is not whether the employee's resignation resulted from the employer's actions, but whether the employee had any other reasonable choice but to resign in light of those actions.'" *PVNF,* 487 F.3d at 806, *quoting Tran,* 355 F.3d at 1270.

The Court finds that the facts of this case do not support the Plaintiff's claim that she was constructively discharged. It is patently clear that the Plaintiff had a reasonable choice other than early retirement, *e. g.*, she could have simply returned to work and asserted her employment discrimination claims while on the job. *See, e. g., Exum,* 389 F.3d at 1136 ("Instead of resigning, Plaintiff could have chosen to comply with his superior's order or, alternatively, refused to comply and faced the possible consequences of that choice."). The Plaintiff undoubtedly understood that she had this choice, as it is what she had already done on at least two previous occasions in 1977-78 and 1987-88. Further, the Plaintiff had plenty of time to decide what to do, as she was off work on leave (both paid and unpaid) by her own

choice from the date of her initial reassignment on February 2, 2007, through the date of her retirement on July 1, 2007. And although she was not required (or even asked) to retire (or resign), the Plaintiff clearly chose to do this herself when she saw fit.

The Plaintiff contends that she could not return to work and that her retirement was therefore not voluntary because she was too embarrassed by her undeserved demotion to continue working in the laboratory and too unfamiliar with the new position outside the laboratory to perform it effectively. Of course, the Plaintiff cannot actually know whether continued employment at the hospital would have been intolerably embarrassing (or whether she could have performed satisfactorily in her new position) because she never returned to work to find out. *See, e. g., Garrett v. Hewlett-Packard Co.,* 305 F.3d 1210, 1222 (10th Cir. 2002) ("We are not convinced the facts alleged by Mr. Garrett raise an inference that he was left with no choice but to resign when he did. This is especially so because Mr. Garrett resigned before he had complete details as to the position into which HP was in the process of transferring him."). *See also PVNF,* 487 F.3d at 806 ("A constructive discharge requires a showing that the employer's actions are not merely adverse, but intolerable, and Ms. Segovia quit before she knew precisely the effect the new pay plan would have on her salary[.]") [citations omitted]. But in any event, the pertinent question is not whether the Plaintiff's subjective feelings (no matter how severe) prevent her from returning to work, *see, e. g., Derr v. Gulf Oil Corp.*, 796 F.2d 340, 343 (10th Cir. 1986) ("A finding of constructive discharge depends upon whether a reasonable person would view the working conditions as intolerable, not upon the subjective view of the employee-claimant.") [quotation omitted],

or whether her working conditions actually would have been difficult, *see, e. g., Sanchez v. Denver Public Schools*, 164 F.3d 527, 534 (10th Cir. 1998) ("While we have no doubt that Ms. Sanchez found her working conditions extremely difficult, and that the stress exacerbated her health problems, we cannot conclude that objectively [Denver Public School's] actions left Ms. Sanchez with no choice but to resign."); *Yearous,* 128 F.3d at 1357 ("The question is not whether working conditions at the facility were difficult or unpleasant."), or even whether her embarrassment and difficult working conditions resulted from questionable management decisions. *See Yearous*, 128 F.3d at 1356-57 ("[A] series of questionable judgments leading to difficult working conditions does not alone support a claim of constructive discharge[.]"). The question is whether returning to work under the circumstances would have been so intolerable that a reasonable person would have had no choice but to do what the Plaintiff did, *i. e.*, retire (or resign). Measured by the objective test set forth above, the Plaintiff's retirement was purely voluntary and therefore does not amount to a constructive discharge. *See, e. g., Exum,* 389 F.3d at 1135 ("Working conditions must be so severe that the plaintiff simply had no choice but to quit. In contrast, a plaintiff who voluntarily resigns cannot claim that he or she was constructively discharged.") [citations omitted]. Accordingly, the Court finds that the Secretary is entitled to summary judgment on the Plaintiff's constructive discharge claim.

### C. Conclusion

In summary, the Court finds that: (i) the Plaintiff's claim that her demotion within the laboratory was motivated by unlawful discrimination and/or retaliation is barred as untimely;

and, (ii) the Plaintiff's claim that her retirement amounted to a constructive discharge is unsupported by the facts of the case. The Secretary is entitled to summary judgment on both claims, and the Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 32] is therefore GRANTED. As this disposes of all the claims asserted in the case, the Court will pursuant to Fed. R. Civ. P. 58(a) render a separate judgment in favor of the Secretary and against the Plaintiff contemporaneously herewith.

**IT IS SO ORDERED THIS** 18th day of May, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**